**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**SUN NUCLEAR CORPORATION,**

       **Plaintiff,**

**v.**                               **Case No. 6:25-cv-778-JA-LHP**

**XCISION MEDICAL SYSTEMS,**
**LLC,**

       **Defendant.**

_____

**ORDER**

This case is before the Court on review of the Complaint (Doc. 1).

Federal courts are courts of limited jurisdiction. "[B]ecause a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously insure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises." *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001).

In the Complaint, Plaintiff bases subject-matter jurisdiction on diversity of citizenship under 28 U.S.C. § 1332. But Plaintiff has not sufficiently pleaded diversity of citizenship.

Although Plaintiff has adequately pleaded its own citizenship, it has not properly identified the citizenship of the Defendant.  Plaintiff alleges that Defendant "is, upon information and belief, a Maryland limited liability company that is duly organized with its principal place of business in Maryland." (Compl. at 1).  But the citizenship of a limited liability company is determined not by the state of its organization or its principal place of business but by the citizenships of all of its members. *See, e.g., Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004).  Without knowing who Defendant's members are or the states of all members' citizenship, the Court cannot ascertain the citizenship of Defendant or whether diversity jurisdiction exists.  Additionally, "[a]llegations premised only on 'information and belief' are plainly insufficient to establish the citizenship of a party . . . as necessary to invoke this Court's subject matter jurisdiction." *B & M Servs., LLC v. L.A. Disaster Relief, LLC*, Case No. 3:21-cv-467-MMH-JBT, 2021 WL 1813431, at *1 (M.D. Fla. May 6, 2021).

Accordingly, it is **ORDERED** as follows:

1.    The Complaint (Doc. 1) is **DISMISSED without prejudice**.

2.    **No later than May 16, 2025,** Plaintiff shall file an amended complaint that identifies Defendant's member(s) and their citizenship(s). Failure to file an amended complaint by this deadline may result in dismissal

of this action.

      **DONE** and **ORDERED** on May 5, 2025.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record
Unrepresented Parties