UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SUN NUCLEAR CORPORATION,

  Plaintiff,

v.              Case No. 6:25-cv-778-JA-LHP

XCISION MEDICAL SYSTEMS,
LLC,

  Defendant.
_____

ORDER

  This case is before the Court on review of the Amended Complaints (Docs. 6 & 7).

  Plaintiff filed its initial Complaint (Doc. 1) on May 2, 2025. But because Plaintiff asserted diversity jurisdiction under 28 U.S.C. § 1332 but did not properly identify the citizenship of Defendant, Xcision Medical Systems, LLC, the Court dismissed the Complaint without prejudice. (Order, Doc. 3). Rather than provide information about the members of Defendant, the Complaint merely alleged that Defendant was, "upon information and belief, a Maryland limited liability company that is duly organized with its principal place of business in Maryland." (Doc. 1 ¶ 2). The Court noted that allegations based only on "information and belief" are not sufficient to establish citizenship and required Plaintiff to file an amended complaint no later than May 16, 2025, "that

identifies Defendant's member(s) and their citizenship(s)" so that the Court could determine whether it has subject-matter jurisdiction over this case. (*See* Order, Doc. 3, at 2).

On May 15, Plaintiff filed an Amended Complaint (Doc. 6) in which it alleged that "Defendant is, upon information and belief, a . . . limited liability company . . . whose members are not citizens of Florida." (Doc. 6 ¶ 2). And on May 16, Plaintiff filed another document titled "Amended Complaint" (Doc. 7) that describes Defendant as a limited liability company "whose sole member is not a citizen of Florida." (Doc. 7 ¶ 2).

In neither of these Amended Complaints did Plaintiff "identif[y] Defendant's member(s) and their citizenship(s)" as previously ordered. (*See* Order, Doc. 3, at 2). And negative allegations of citizenship—that is, stating which state(s) a party is not a citizen of—are not sufficient; identification of the identities and citizenships of all of an LLC's members is required for the Court to assess its jurisdiction. *See generally Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218 (11th Cir. 2017); *CityPlace Retail, LLC v. Wells Fargo Bank, N.A., as Tr. for the Registered Holders of Credit Suisse First Boston Mortg. Sec. Corp., Com. Mortg. Pass-Through Certificates, Series 2007 C1*, No. 20-11748, 2021 WL 3486168 (11th Cir. July 15, 2021).

Accordingly, it is **ORDERED** as follows:

1. The Amended Complaints (Docs. 6 & 7) are **DISMISSED without**

**prejudice** for failure to sufficiently plead a basis for this Court's subject-matter jurisdiction.

2. Plaintiff will be granted **one** further opportunity to establish diversity jurisdiction. **No later than May 30, 2025**, Plaintiff shall file an amended complaint that identifies Defendant's member(s) and their citizenship(s). **Failure to do so will result in dismissal of this action for lack of subject-matter jurisdiction.**

**DONE** and **ORDERED** on May 19, 2025.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record
Unrepresented Parties

3